A similar conclusion was reached by this court in a case involving the restrictions to property on Drexel avenue and East 105th street, Cleveland.

We hold that such a changed condition exists in the neighborhood of Sheldon and Euclid avenues that the restrictions incorporated in the original deeds, even if they were valid, would not be effective because the changed condition of the neighborhood has substantially destroyed the value of the restrictions.

The appeal will be dismissed, and a decree may be entered for defendant.

*Decree for defendant.*

VICKERY, P. J., and LEVINE, J., concur.

ORUM *v.* THE STATE OF OHIO.

(Decided December 8, 1930.)

Mr. *Don R. Sharp,* Mr. *Frederick L. Orum,* and Mr. *John F. Gorsuch,* for plaintiff in error.

Mr. *Frank F. Cope,* prosecuting attorney, for defendant in error.

POLLOCK, J.   The grand jury of this county returned an indictment against George Orum under Section 13023 of the General Code, charging him with incest, in that he had sexual intercourse with Josephine Orum, she being a daughter of George Orum.   The case was tried in the court of common pleas of this county, resulting in a verdict finding the defendant guilty of the crime charged.

The state called Josephine Orum as a witness.   She testified that she was a daughter of George Orum, and that she was over sixteen years of age at the time the indictment charges the offense was committed.   She further testified that at that time, and prior thereto, she had been living with her father. The state then attempted to prove by Josephine

Orum that George Orum had sexual intercourse with her at the time charged in the indictment.

The defendant objected to this witness answering the question, on the ground that the answer solicited would tend to incriminate her. The defendant further asked the court to instruct the witness that she had a right to refuse to answer any questions the answers to which would tend to incriminate her.

The court then instructed Josephine Orum, the witness, that she had a right to refuse to answer any question when the answer solicited would tend to incriminate her. The witness then refused to answer the question asked her by the state regarding her father's sexual relations with her. The court refused to require her to answer.

After the examination of this witness had proceeded further, the state again called the attention of the court to the witness's refusal to testify.

The court changed his former ruling, and held that this witness would be required to testify to the sexual relations of her father with her. This ruling of the court was objected to, and exceptions taken thereto by the defendant.

The state then inquired of the witness regarding the sexual intercourse of defendant with her. The witness refused to answer. The court directed the witness to answer. The defendant, and also an attorney representing the witness, objected to the court directing the witness to answer, and both took proper exceptions thereto. The witness then testified that her father had sexual intercourse with her at the time alleged in the indictment.

It is urged in this court that the trial court committed error prejudicial to the plaintiff in error in

directing the witness to answer after she had refused on the ground that the answer solicited would tend to incriminate her.

The legal privilege accorded a witness to refuse to testify to facts that would tend to incriminate the witness is personal to the witness, and, if not personally claimed, is waived. The witness is the only one that can claim the privilege of refusing to answer.

"The right to refuse to answer incriminating questions is personal to the witness. To preserve his right he must himself object. If he wishes to answer, he may do so and neither the prosecution nor the accused has a right to object." Underhill on Criminal Evidence (3d Ed.), page 563, Section 389.

The defendant cannot object to a question asked a witness on the ground that the answer would tend to incriminate the witness. Neither has he the right to require the court to instruct the witness that he or she is privileged to refuse to answer such a question. *State* v. *George,* 214 Mo., 262, 113 S. W., 1116, 1118; *Castleberry* v. *State,* 10 Okl. Cr., 504, 139 P., 132.

Not only has the defendant no right to require the court to instruct the witness regarding his legal rights, but, if the witness claims the privilege of refusing to answer a question on the ground that his answer would tend to incriminate him, and the court disregards the request, and requires the witness to answer, the defendant has no right to object, and it is not reversible error in the reviewing court, even if the trial court erred in requiring the witness to answer, and the error tends to prove the defendant guilty of the crime charged.

"The privilege of refusing to answer is personal

to the witness, and is not in any sense the privilege of the party calling him. Mr. Chief Justice Nelson, in *Cloyes* v. *Thayer,* 3 Hill [N. Y.], 564, says: 'If ordered to testify in a case where he is privileged, it is a matter exclusively between the court and the witness. The latter may stand out and be committed for contempt, or he may submit; but the party has no right to interfere or complain of the error.' " *Clark* v. *Reese,* 35 Cal., 89, 95.

This question was before the federal Circuit Court of Appeals. That court referring to the rights of a party said:

"The party to the suit has no right to insist upon it, except when he is himself the witness. And if the witness waives his privilege, or the court disregards it, and requires him to answer, the party has no right to interfere or complain of the error." *Morgan* v. *Halberstadt,* 60 F., 592, 596.

See, also, *State* v. *Cobley,* 128 Iowa, 114, 103 N. W., 99; *Ingersol* v. *McWille,* 87 Tex., 647, 30 S. W., 869; *State* v. *Van Winkle,* 80 Iowa, 15, 45 N. W., 388; *Samuel* v. *People,* 164 Ill., 379, 45 N. E., 728; *Beauvoir Club* v. *State,* 148 Ala., 643, 42 So., 1040, 121 Am. St. Rep., 82; *Robinson* v. *McAbee,* 64 Cal. App., 709, 222 P., 871; *State* v. *Crisinger,* 197 Iowa, 613, 195 N. W., 998; *State* v. *Rowley,* 198 Iowa, 613, 198 N. W., 37, 39, 199 N. W., 369.

The Supreme Court of Iowa said in this last case, in the opinion:

"It is further urged that the court erred in compelling the prosecuting witness, Wilma Kirby, to testify over her objection that the testimony solicited tended to incriminate her. The testimony of this witness was clearly competent, and therefore admis-

sible as against the defendant. If the privilege to the witness was denied wrongfully, the wrong was to the witness, and not to this defendant.''

Josephine Orum was a competent witness to testify against the defendant regarding the sexual relations between the defendant and herself. Whether the court violated her constitutional rights or not in requiring her, over her personal objection, to testify to these relations was no concern of the defendant. Her testimony was competent so far as defendant's legal rights were involved. His constitutional rights were not invaded by the introduction of this testimony. There is no reversible error in the court requiring this witness to testify to the defendant's sexual intercourse with her.

There is a further error complained of in the trial of this case—the misconduct of the prosecuting attorney. We have examined the record in regard to this action of the prosecuting attorney, to which objection was made, and find that it did not constitute reversible error.

*Judgment affirmed.*

ROBERTS and FARR, JJ., concur.