## UNITED STATES v. JOHNSON et al.
### No. 11400.

District Court, M. D. Pennsylvania.
Feb. 26, 1947.

See, also, 76 F.Supp. 542.

M. H. Goldschein, of Washington, D. C. and Valentine Hammack, of San Francisco, Cal., for plaintiff.

Charles J. Margiotti, of Pittsburgh, Pa., and Raymond P. Campbell, of Scranton, Pa., for Albert W. Johnson, Donald M. Johnson, Miller A. Johnson, and Albert W. Johnson, Jr.

Stanley F. Coar and John Memolo, (pro se), both of Scranton, Pa., for John Memolo.

Thomas D. Caldwell, of Harrisburg, Pa., for Jacob Greenes.

JAMES ALGER FEE, District Judge.

The defendant John Memolo has filed a motion, January 31, 1946, based upon an alleged violation of his constitutional right that he be not compelled in this criminal case to bear witness against himself. He prays (1) that the United States produce certain books, records and papers belonging to him; (2) that he be immune from prosecution; (3) that prosecution under the indictment be barred; (4) that the indictment be quashed as to this defendant; and (5) that the records and any information which was obtained by their use be suppressed. By consent of court, another motion has been filed with like objectives.

At the suggestion of the court, testimony and other evidence was received as to the facts. It was shown that defendant Memolo did produce books, records and documents in response to a subpoena duces tecum directed to him which were presented to the grand jury and which have been abstracted for use in this criminal case. See Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110. Memolo claims the evidence shows that the prosecution misled him into believing that the inquisition was not directed against him and thereby lulled him into a sense of security. Likewise, he claims that the judge before whom the matter was heard, assured him that his rights would be protected and lead him to believe that he would

be immune from prosecution. The court does not presently determine these claims upon the record, but bases the rulings upon undisputed facts. It is undisputed that Memolo appeared in response to this same subpoena before the self-same grand jury and testified as to the facts and transactions on which the indictment is based. On many of these occasions he was warned that his testimony might be used against him and that he was not required to testify. At the hearing before the judge he did not clearly indicate that he was standing upon a right against self-incrimination, but indicated he was standing upon the right of a lawyer not to disclose the confidential communications of his clients. In any event, he did turn the books and papers over after the hearing before the judge and did not pursue any other remedy. Subsequently, Memolo had possession of the books and papers and returned them into the custody of the United States. At the last hearing in this court, Memolo waived his privilege against self-incrimination insofar as it related to his testimony before the grand jury although defendant attempts to reserve the right insofar as his books, records and papers and any information obtained by their use is concerned.

The court deals with the second, third and fourth points at the outset. If we assume the state of facts contended for by defendant Memolo, is the court empowered to grant him immunity from prosecution or bar prosecution of the indictment against him, or to quash the indictment?

Defendant has cited a great many authorities all of which have received the attention of the court because here reliance is placed upon one of the fundamental guarantees which it is the duty of the court to protect. Defendant, however, cites cases without discrimination based upon (1) unreasonable search, (2) illegal seizure, (3) statutes granting immunity, and (4) contempt and habeas corpus proceedings relating to persons who refused to testify.

But no question of an unreasonable search or an illegal seizure can arise in this case. Here there was a production of documents pursuant to a lawful process.

The expressions of the courts based upon improper search or seizure must be construed to apply only to such situations. This limitation does not imply any attempt upon the part of the courts to wink at a whittling away of the guarantees of the Constitution. In the midst of war, the present judge, writing the opinion for the Ninth Circuit Court of Appeals, set aside the conviction of two Japanese based upon an unlawful seizure without process, of private papers. Takahashi v. United States, 9 Cir., 143 F.2d 118.

There was a valid subpoena duces tecum directed to Memolo. Defendant has never attacked the validity of that process. He testified before the grand jury in response thereto without making such attack. He produced the books and papers but made no attack upon the process. He argued the matter before the court relative to the grand jury but he did not refuse to obey the order based on the defect in the process and allow its validity to be tested.

■ At this date we assume the process was valid and that this is the law of the case. Production on lawful process requires immediate resistance. The very purpose of process is to allow the person against whom or against whose property the writ is directed, to raise the question of legality.

"Where the production is in response to lawful process, the owner of the books and papers is afforded protection by the limitation which the law imposes with respect to lawful process." Freeman v. United States, 9 Cir., 1947, 160 F.2d 72, 75.

■ The privilege against self-incrimination is neither accorded to the passive resistant, nor the person who is ignorant of his rights, nor to one indifferent thereto. It is a fighting clause. Its benefits can be retained only by sustained combat. It cannot be claimed by attorney or solicitor. It is valid only when insisted upon by a belligerent claimant in person. McAlister v. Henkel, 201 U.S. 90, 26 S.Ct. 385, 50 L.Ed. 671; Commonwealth v. Shaw, 4 Cush. 594, 50 Am.Dec. 813; Orum v. State, 38 Ohio App. 171, 175 N.E. 876. The one who is persuaded by honeyed

words or moral suasion to testify or produce documents rather than make a last ditch stand, simply loses the protection. Once he testifies as to part, he has waived his right and must on cross examination or otherwise, testify as to the whole transaction. He must refuse to answer or produce, and test the matter in contempt proceedings, or by habeas corpus. The holdings in the cases of this type cited by defendant are sound, but they do not apply here because Memolo did not resist, he acquiesced. Likewise, he did not have himself held in contempt or arrested for refusal. Furthermore, he had the documents in his possession and returned them. Finally, he did testify as to such matters many times before this grand jury and now expressly waives the privilege against self-incrimination as to this testimony.

The court does not at this time rule that the right was waived, but simply suggests the pertinent considerations. The court does rule that no ground is here presented either to quash the indictment or bar prosecution of defendant thereunder. These prayers are denied.

Another prayer of the motion claims that the court should hold defendant immune from prosecution because of the violation of the privilege against self-incrimination. By certain statutes relating to particular violations, there are now sections granting immunity. These occur generally in laws relating to sumptuary or economic prohibitions. They relate in general to taxation, interstate commerce, intoxicating liquors, and, recently, price control. The usual holdings are that if a person testifies under subpoena the immunity is then complete. Defendant has cited many of these cases.

None of such statutes or decisions relate to this type prosecution. There is now no statute granting immunity in ordinary criminal prosecutions such as this one. The matter has been dealt with many times by the courts. A few quotations will serve to destroy the illusion under which defendant is laboring:

Mattes v. United States, 3 Cir., 79 F.2d 127, 128:

"The question involved in this case is the special defense of Mattes that he was called as a witness before the grand jury and claims to have been made immune from prosecution on that account.

"We find no statute or other warrant for the position that, because Mattes was called and testified before the grand jury in an investigation concerning election frauds, he was thereafter immune from prosecution in a case where he was charged with an offense against the election laws.

"The judgment is, therefore, affirmed."

Mulloney v. United States, 1 Cir., 79 F. 2d 566, 578:

"There is no question of immunity here. No such question can arise in the absence of a statute granting immunity to a person giving testimony of an incriminating nature. There is no statute under which Mulloney can claim immunity because of what he said or did before the grand jury on July 25, 1933. Kaplan v. United States, 2 Cir., 7 F.2d 594, (certiorari denied 269 U.S. 582, 46 S.Ct. 107, 70 L.Ed. 423). See, also, Ziang Sung Wan v. United States, 266 U.S. 1, 15, 45 S.Ct. 1, 69 L.Ed. 131."

General rule stated in 22 C.J.S., Criminal Law, § 46(b).

United States v. Pleva, 2 Cir., 66 F.2d 529, 531:

"The plea in bar of Schwartz was based on the fact that he had been called as a witness and had testified before the grand jury which found the indictment. His claim to immunity for that reason is contrary to Kaplan v. United States, 2 Cir., 7 F.2d 594, and cannot be sustained."

Kaplan v. United States, 2 Cir., 7 F.2d 594, 597:

"The next question is the directed verdict in favor of Smythe. This was the act of the judge at trial sua sponte, on the ground that Smythe had testified before the grand jury. This was clear error, not, as the defendants seem to suppose, because Smythe had in fact 'waived immunity,' but because there is not the slightest warrant of law for saying that in the absence of statute any one may be quit of his crimes by testifying either before a grand jury or anywhere else. How such a notion

should have got its apparent currency it is impossible to see. A man has, of course, the right to stand mute, if he will; but, if he speaks, he does not by that purge himself of his crime. He may be indicted, tried, and convicted, quite as though he had stood on his privilege. The contrary notion is a thorough perversion of the whole principle of self-incrimination, perhaps arising from a misunderstanding of those statutes which, in order to compel persons to testify at all, give them plenary absolution."

■ The prayer of defendant Memolo that he be granted immunity from prosecution either because he testified before the grand jury, or that he produced books and papers involuntarily is, therefore, denied.

■ The return of the documents raises a different question. It has already been shown that there is no question of unlawful search or seizure. The documents are in custody under lawful process which has already been sustained. The other defendants claim no immunity as to these documents. The United States has a right to retain possession for use against these other defendants even though Memolo may have a valid defense, and may have the right to have specific documents excluded as to him.

Any question as to Memolo will be considered if raised at the trial.

■ The United States, however, is directed to furnish to defendant Memolo, complete and ready access to all his books, papers and documents in the possession of the prosecution, in order that he may have adequate opportunity to make his defense. Likewise, the goverment is directed promptly to return such papers as are not necessary for the presentation of the case of the government against either Memolo or the other defendants.

There are still two phrases of the motion which might concern us at present:

(a) the question whether the documents can be introduced at the trial; and

(b) the question of whether the documents should be presently returned.

■ This is to be treated as the ordinary motion to suppress documents. The authorities show that the purpose of this motion is to give the court notice of the claim so that the court will not be compelled to stop the trial to give consideration thereto. But the authorities likewise hold that the question may always be reserved by the court and considered when the documents are tendered in evidence, if any such occasion arise. The whole defense of Memolo in relation to the privilege against self-incrimination can be raised at the trial in connection with books and papers, or otherwise, if he desire to make it.

The motion of defendant Memolo filed with permission of the court, raises the same point. A similar procedure will be followed with regard to this motion.