**UNITED STATES**

v.

**Samuel LEISER.**

**Crim. Nos. 54–168–A, 54–190–A.**

United States District Court
D. Massachusetts.

Sept. 27, 1954.

Lawrence Urbano, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Paul Troy, Boston, Mass., for defendant.

ALDRICH, District Judge.

█ The defendant's motion under Federal Rule of Criminal Procedure 41 (e), 18 U.S.C.A., to return seized property, and suppress evidence is continued until the trial. The defendant contends that the court has no power to do this, but must pass upon the motion in advance of the trial. It would take a considerable showing to persuade me that a court does not have general discretion in such procedural matters. Panzich v. U. S., 9 Cir., 285 F. 871; U. S. v. Johnson, D.C.M.D.Pa., 76 F.Supp. 538. I am aware of no contrary authority.

Both parties refer to the last sentence of the rule, which reads as follows:

"The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defend-

ant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing."

The word "entertain" has several meanings. Brown v. Allen, 344 U.S. 443, 461, 73 S.Ct. 397, 409. One of these would seem to contradict the defendant's contensions, while others would not. Though as a matter of semantics this sentence might have been better expressed, neither it, nor any other part of the rule, leads me to adopt the defendant's conclusion.

The defendant further argues that if I have discretion, still I should not postpone the matter to the trial, because of possible prejudice before the jury. Suffice it to say that it presently appears that the allowance of his motion, if that should be the eventual disposition, would result in a dismissal of the entire proceedings, so that there would be no jury left to be prejudiced. If something unanticipated develops, it can be taken care of when it arises.