UNITED STATES of America, Petitioner,

v.

Thomas BOCCUTO and Boccuto Motor Freight, Inc.

Civ. 1188–58.

United States District Court
D. New Jersey.

Aug. 4, 1959.

---

2. How in legal theory this would differ from contribution is not clear.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., by John H. Mohrfeld, III, Asst. U. S. Atty., Camden, N. J., David E. Crabtree, Internal Revenue Service, Philadelphia, Pa., of counsel, for petitioner.

Joseph Tomaselli, Camden, N. J., for respondents.

MADDEN, District Judge.

This is a proceeding to enforce a summons requiring the production of certain documents for examination by the Bureau of Internal Revenue, pursuant to 26 U.S.C.A. §§ 7602 and 7604.

The facts are not in dispute and are, as follows: On October 13, 1958, one Henry T. Wacker, a Special Agent of the Internal Revenue Service, served a Director's Summons upon Joseph Tomaselli, a member of the New Jersey Bar and

practitioner in this Court, directing him to appear at the office of the Director of Internal Revenue at Camden, New Jersey, and to produce all the work papers in his possession prepared by Domenick D. Joseph, a Certified Public Accountant, in connection with the preparation of the 1956 and 1957 Federal Income Tax Returns of Boccuto Motor Freight, Inc., a corporation, and Thomas and Delilah Boccuto, hereinafter called the taxpayers.

Domenick D. Joseph, hereinafter referred to as Joseph, has been engaged by the taxpayers for the past several years as their accountant. In the course of such employment he had received from the taxpayers a large quantity of files, records and documents. He also had prepared a number of work papers relating to the aforesaid documents and to information given to him from time to time by the taxpayers. It is these work papers around which this dispute evolves.

Acting upon the advice of counsel, the taxpayers instructed Joseph to turn over to their counsel, Joseph Tomaselli, Esquire, certain papers, including the work papers prepared by Joseph. Accordingly, Joseph turned the same over to Tomaselli, as instructed, and the latter was in possession of them when he was served with the subpoena calling for their production.

Upon being served with the summons, Tomaselli wrote to Wacker, the Special Agent in the matter, and stated that he could not comply with the summons as he was invoking the guarantees of the Fifth Amendment in behalf of his clients.[1] Nevertheless, on October 23,

---

[1] Mr. Henry T. Wacker, October 15, 1958
Special Agent
Internal Revenue
Room 204 Service Building
808 Market Street
Camden, New Jersey
Dear Mr. Wacker:

This is to acknowledge receipt of Summons to appear before you and to bring with me all work papers prepared by Domenick D. Joseph, C.P.A., which were used in the preparation of income tax return of the Boccuto Motor Freight, Inc. and Thomas and Delilah Boccuto, for the years 1956 and 1957.

Please be advised that the work papers you request are the property of my clients and are in our hands as attorneys, that we are invoking, on behalf of our clients, the privilege against self-incrimination guaranteed by the Fifth Amendment to the Constitution of the United States of America and we cannot comply with the Summons unless directed by the Court to do so.

Very truly yours,
Joseph Tomaselli /s/
Joseph Tomaselli
JT/ak

1958, Tomaselli appeared in compliance with the summons and there orally reiterated his position in declining to produce the work papers of Joseph.

Thereafter, the United States Attorney presented a petition to this Court seeking an order directing Tomaselli to comply with the summons. An order to show cause was issued by the Court and on the return day an affidavit was filed herein by Joseph, the accountant, wherein he concludes:

"* * * In accordance with these instructions, I did turn over the work papers of these taxpayers to their counsel, Joseph Tomaselli, with no intention of retention or any title or belief that I can get them back."

It is the position of Tomaselli that the work papers prepared by the accountant, Joseph, for the taxpayers (corporate and individual) and turned over by the accountant to him as counsel for the taxpayers are within the privilege against self-incrimination and that counsel could decline to disclose the contents thereof or produce them for inspection. As authority to substantiate this position, Tomaselli relies entirely upon the opinion of Judge Murphy in the Application of House, D.C.N.D.Cal., 144 F.Supp. 95, which holds to that effect regarding the work papers of an accountant relating to tax return of an individual taxpayer.

█ █ At the outset it should be noted that the Court feels there is no merit to the position of Tomaselli regarding the work papers relating to the tax return of the corporation, Boccuto Motor Freight, Inc. Corporations as such are guaranteed no protection under the Fifth Amendment. In United States v. White, 1944, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542, the Supreme Court held that the privilege against self-incrimination was to be limited to its historic function of protecting only natural persons from compulsory incrimination through their own testimony or personal records.

It could not protect a corporation or an organization.

█ The issue concerning Tomaselli's refusal to produce the work papers regarding the individuals' returns presents a much more difficult problem to the Court for, as has been stated, Tomaselli relies heavily upon Judge Murphy's decision in the House case, supra, which appears to be on "all fours" with the facts here.

It should be borne in mind, first, that while the United States Attorney, for his own reasons, has entitled the petition herein in the name of the taxpayers they actually are not, as yet, parties to the cause, and, secondly, that while Tomaselli has stated in his memorandum, "Taxpayers * * * are under investigation by the government on criminal charges of tax evasion," there is nothing before the Court whereby it can determine whether the inquiry by the Special Agent is of a civil or criminal nature, or both.

Counsel in this matter have cited no cases from this Circuit to assist the Court and although the opinion of Judge Murphy in the House case, supra, creates a great impact upon the Court, this Court most respectfully feels that it must disagree with the conclusions therein reached because it is felt that the opposite conclusion is indicated by numerous decisions in various circuits.

In Rogers v. United States, 1950, 340 U.S. 367, 371, 71 S.Ct. 438, 440, 95 L.Ed. 344, the Supreme Court stated:

"Furthermore, the decisions of this Court are explicit in holding that the privilege against self-incrimination 'is solely for the benefit of the witness,' and 'is purely a personal privilege of the witness.'"

In Falsone v. United States, 5 Cir., 1953, 205 F.2d 734, the Court had before it the question of the responsibility of an accountant to comply with a summons (similar to the one in the present matter) to produce the work papers of the accountant regarding the tax return of the accountant's client. The accountant

raised the question of privilege. The Court of Appeals held that the accountant was required to produce the taxpayer's books and records even though it should be considered that the relation between taxpayers and accountants were confidential. The Court said, at page 739:

"It seems clear, therefore, that, even if we should consider the relation between a taxpayer and his certified public accountant as confidential as that between client and attorney, the accountant would, nevertheless, be required to produce the books and records of the taxpayer."

In the Application of House, supra, Judge Murphy said of the Falsone case, 144 F.Supp. at page 103:

"All that that case decides is that there is no accountant-client privilege comparable to the attorney-client privilege in the federal courts when a federal statute requires disclosure."

This Court cannot place such an interpretation upon the Falsone decision especially in view of the Court's reasoning that accountants are admitted to practice before the Treasury Department the same as attorneys with the same rights and privileges.[2]

In 1955, Judge Bootle, in the District Court, M. D. Georgia, in United States v. Willis, 145 F.Supp. 365, 368, held that the privilege against self-incrimination did not apply to such records required by law to be kept and that the attorney could not claim it on behalf of his client. At page 368, Judge Bootle held that the attorney, where the client is not a party to the proceedings, may not claim the client's privilege under the Fifth Amendment against self-incrimination. Then the Court went on to say:

"But even if we were to rule that the attorney can make for his client the claim of privilege against self-incrimination under the Fifth Amendment, such claim in this case would not prevail. As was pointed out in the Falsone case, supra, 26 U.S.C.A. § 54(a) requires the taxpayer to keep records and the Commissioner, for the purpose of ascertaining the correctness of any return, is authorized by any officer or employee of the Bureau to examine the taxpayer's books and records and to require the attendance of the person rendering the return and the taking of his testimony, 26 U.S.C.A. § 3614. The Falsone case points out further that statutes granting such authorities have been held constitutional as against the contentions that they provide for unreasonable searches and seizures and compel the taxpayer to be a witness against himself."

In 1956, Judge Kaufman in the Application of Daniels, D.C., 140 F.Supp. 322, made a fine review of this question and while holding therein that the individual in question, a corporate officer and stockholder, did not have to comply with a summons it was solely because he, personally, was under criminal investigation for his individual participation in the operation of the corporation in question. There Judge Kaufman pointed out, at page 327:

"These decisions make it clear that the privilege of the Fifth Amendment does not rest upon an individual's absolute title to the documents in question; rather it rests upon his legitimate and *personal* possession." (Emphasis supplied.)

In the case at bar the possession of the work papers by Tomaselli is not a personal one but clearly a representative one as an attorney holding for a client.

In 1956 the Court of Appeals for the Eighth Circuit in the matter of Sale v. United States, 228 F.2d 682, held that no privilege existed between an accountant and clients to preclude production of accountant's work papers by an attorney. There the Court said, at page 686:

---

2. See Falsone v. United States, 5 Cir., 205 F.2d 734, at page 741.

890

"The District Court held that the work papers the Special Agent was seeking 'are and were at all times the property of the accountant, Max Rosenbaum.' The evidence on the ownership of the work papers is conflicting. There is evidentiary support for the court's finding. The work papers had remained in the accountant's possession from 1949 to 1953 and had been kept in the accountant's office with similar work papers arising out of other transactions. We are unable to say that the court's decision on this issue was clearly erroneous. Since the court found that the work papers were the property of the accountant and not the property of the taxpayers, the issue of attorney-client privilege does not arise. *No privilege exists between an accountant and his client which would preclude the production of the accountant's work papers.* Falsone v. United States, supra. The court committed no error in ordering the appellant to produce the accountant's work papers." (Emphasis supplied.)

In failing to follow Sale v. United States, supra, Judge Murphy, in the Application of House, supra, determined that the facts before him were not similar to those of the Sale case. He distinguishes the cases on the basis of the holding in the Sale case by the District Court and the Court of Appeals. The distinction he draws is that as a matter of fact the work papers of the accountant regarding the taxpayer's return in the Sale case were the property of the accountant while in the matter before him the work papers were the property of the taxpayer, apparently raising the question of ownership of the work papers. This Court has a great deal of difficulty in determining whether this question is one of fact or one of law, but it seems only logical that, inasmuch as the Court of Appeals in the Sale case has affirmed the finding that the work papers are the property of the accountant, this finding should point the way, so to speak, for a District Court that is confronted with a case of similar facts, as the Court is here, unless and until a higher Court in this Circuit has held otherwise, or the facts of the particular matter before the Court clearly demonstrate that the work papers are the property of the taxpayers. In the present matter this is not the feeling of this Court, and this is so despite the affidavit filed herein.

The Court, therefore, concludes that the attorney does not, under these circumstances, have the right to invoke the privilege against self-incrimination in behalf of his client, and that the work papers are the property of the accountant and must be produced in accordance with the summons.

Counsel will prepare an appropriate order fixing the time and place, mutually agreeable to the Agent and Mr. Tomaselli, for said production. In the event agreement cannot be reached, application may be made to the Court.