## In the Matter of Sidney BLUMENBERG, Respondent.

United States District Court
S. D. New York.
Oct. 10, 1960.

S. Hazard Gillespie, Jr., U. S. Atty. for Southern Dist. of New York, New York City, for the United States. Anthony H. Atlas, Asst. U. S. Atty., New York City, of counsel.

Sidney Blumenberg, New York City, respondent, pro se.

DIMOCK, District Judge.

This is a motion for an order pursuant to sections 7402(b) and 7604 of the Internal Revenue Code of 1954, 26 U.S.C. §§ 7402(b) and 7604, directing respondent to appear before an Agent of the Internal Revenue Service to give testimony pertaining to the income tax liability of one Berke and to produce all books, records, documents, papers and memoranda of said Berke pertaining to his income tax liability now in possession of respondent.

Respondent, an accountant and attorney-at-law, resists the motion on the ground of attorney-and-client privilege and Berke's privilege against self-incrimination.

■ So far as the documents are concerned there is no basis for the claim of attorney-and-client privilege. The client's papers are not confidential communications. Grant v. United States, 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423; Falsone v. United States, 5 Cir., 205 F.2d 734, certiorari denied 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375; United States v. Willis, D.C.M.D.Ga., 145 F.Supp. 365.

■ Nor is respondent in this case justified in refusing to produce the papers on the ground that they might incriminate Berke. No suggestion is made that he is acting under instructions of Berke. Indeed Berke sent to the Internal Revenue authorities a copy of a letter that he had written respondent in which he said "As you have requested, this letter specifically severs you from all contact and obligation in reference to my tax matter. I feel that direct contact [with the Internal Revenue Service] will be to my advantage." Respondent is thus no longer acting as Berke's attorney. He is at most the mere custodian of Berke's papers.

■ As was said in Hale v. Henkel, 201 U.S. 43, 69, 26 S.Ct. 370, 377, 50 L.Ed. 652, "The right of a person under the 5th Amendment to refuse to incriminate himself is purely a personal privilege of the witness. It was never intended to permit him to plead the fact that some third person might be incriminated by his testimony, even though he were the agent of such person."

Thus respondent even though a custodian for Berke may not in response to a demand for the papers plead that they might incriminate Berke.

We have no way of knowing whether respondent knows that the evidence would tend to incriminate. We are not told that Berke has communicated with him on the subject of the production of the papers. For all we know Berke has no objection to the production of the papers.

The court is entitled to the statement of the person in whose behalf the privilege is asserted that the papers would tend to incriminate him so that the court may pass upon the basis for the plea and reject it if unfounded. As was said in Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118:

"The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified, Rogers v. United States, 340 U.S. 367 [71 S.Ct. 438, 95 L.Ed. 344] (1951), and to require him to answer if 'it clearly appears to the court that he is mistaken.' "

Or, as expressed in In re Friedman, D.C. D.C., 104 F.Supp. 419, 421, "The mere assertion of privilege does not immunize him".

All that we have here is the assertion of privilege by a custodian who does not claim to speak for the allegedly privileged party.

In the absence of a statement by or on behalf of the allegedly privileged party that the production of the documents would tend to incriminate him, the motion, insofar as it seeks production of documents, must be granted.

■ It is urged that, while the documents may not be protected by the attorney-client privilege, communications between Berke and respondent clearly are and that therefore the motion should be denied insofar as it seeks oral testimony from respondent. We cannot yet know what subjects respondent will be questioned upon. The direction for his appearance is valid and, if he is asked questions which call for answers that would violate the attorney-client privilege, it will be time enough to refuse to answer the particular questions. Application of Daniels, D.C.S.D.N.Y., 140 F.Supp. 322, 328.

Motion granted.

Settle order on notice.