### McALISTER *v.* HENKEL.

#### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 341.   Argued January 4, 5, 1906.—Decided March 12, 1906.

*Hale* v. *Henkel, ante,* p. 43, followed, as to the inquisitorial powers of the Federal grand jury and the extent of privilege and immunity of a witness under the Fifth Amendment.

THE facts are stated in the opinion.

*Mr. De Lancey Nicoll,* with whom *Mr. Junius Parker* and *Mr. John D. Lindsay,* were on the brief, for appellant.[1]

*Mr. Henry W. Taft,* Special Assistant to the Attorney General, with whom *The Attorney General* and *Mr. Felix H. Levy,* Special Assistant to the Attorney General, were on the brief, for the United States.[1]

MR. JUSTICE BROWN delivered the opinion of the court.

This case involves many of the questions already passed upon in the opinion in *Hale* v. *Henkel,* differing from that case, however, in two important particulars: First, in the fact that there was a complaint and charge made on behalf of the United States against the American Tobacco Company and the Imperial Tobacco Company under the so-called Sherman Act, and, second, that the subpœna pointed out the particular writings sought for (three agreements), giving in each case the date, the names of

---

[1] See abstracts of argument in *Hale* v. *Henkel, ante,* p. 43, argued simultaneously herewith.

the parties, and, in one instance, a suggestion of the contents.

The witness McAlister, who was secretary and a director of the American Tobacco Company, refused to answer or produce the documents for practically the same reasons assigned by the appellant Hale, demanding to be advised what the suit or proceeding was, and to be furnished with a copy of the proposed indictment. A copy of one of the agreements with three English companies and certified by the Consul General of the United States is contained in the record.

For reasons already partly set forth, we think that the immunity provided by the Fifth Amendment against self-incrimination is personal to the witness himself, and that he cannot set up the privilege of another person or of a corporation as an excuse for a refusal to answer—in other words, the privilege is that of the witness himself, and not that of the party on trial. The authorities are practically uniform on this point. *Commonwealth* v. *Shaw,* 4 Cush. 594; *State* v. *Wentworth,* 65 Maine, 234, 241; *Ex parte Reynolds,* 15 Cox Criminal Cases, 108, 115. In *New York Life Insurance Co.* v. *People,* 195 Illinois, 430, the privilege was claimed by a corporation, but the agent of an insurance company was permitted to testify, in a suit for the recovery of a statutory penalty, to facts showing the performance by the corporation of the act prohibited. Indeed, the authorities are numerous to the effect that an officer of a corporation cannot set up the privilege of a corporation as against his testimony or the production of their books.

The questions are the same as those involved in the *Hale* case, without the objectionable feature of the subpœna, and the order of the Circuit Court is, therefore,

*Affirmed.*