CUMBERLAND TELEPHONE & TELEGRAPH COMPANY *v.* STATE OF MISSISSIPPI.

[53 South. 489.]

1. CODE 1906, §§ 1938, 1690, 5013, 5014, 5017 AND 5018. *Section 26, Constitution* 1890. *Foreign corporations. Interrogatories. Immunities. Privileges.*

Code 1906, § 1938, provides that, "if the testimony of a party to the suit, who resides out of the state, be desired by the adverse party, interrogatories to him may be filed in the clerk's office, and a copy thereof, with a notice of filing, shall be given the party, or his attorney or solicitor; and if he fails to answer such interrogatories within a reasonable time, his plea shall be dismissed, if he be plaintiff or complainant, and if he be defendant his plea or answer may be taken off the file and judgment by default entered, or the bill taken as confessed." *Held,* that this section applies and includes corporations and makes it compulsory upon them to answer interrogatories, and file the exhibits requested therewith.

2. WITNESSES. *Privileges. Immunities.*

Constitution 1890, § 26, providing that in all criminal prosecutions accused shall not be compelled to give evidence against himself, merely guarantees to any individual the common-law right of declining to testify to anything which will criminate himself, and it does not limit the state's visitorial powers over corporations; and hence the immunity granted by Code 1906, §§ 5013, 5014, providing that no person called as a witness in any prosecution to enforce the anti-trust law shall be excused from testifying on the ground that his evidence may incriminate himself, but the testimony so given shall not be used against him, is granted to individuals only, and not to corporations, though section 5090 declares that the

term "person," when used in any statute, shall apply to corporations.

3. VISITORIAL POWERS. *Foreign corporations.*

A foreign corporation is not subject to the general visitorial powers which the state possesses over domestic corporations, but as the franchise of a foreign corporation, doing business in the state, are exercised in accordance with the laws thereof, the state has the same visitorial powers over such a corporation necessary to enable it to ascertain whether or not its laws have been obeyed as it has for such purpose over a domestic corporation.

4. WITNESSES. *Immunity. Statutes.*

Sections 5017 and 5018, Code 1906, provides that, "Any corporation may be required under a subpoena *duces tecum* served upon its president, secretary, or any of its directors, to produce in court and submit to inspection upon the trial of any proceeding, civil or criminal, under the anti-trust laws, of their books, minutes, records, papers, documents, vouchers or writings belonging to or in the possession of such corporation.

"But no corporation so producing and submitting to inspection, books, minutes, letters, papers, documents, vouchers or writing shall thereafter be subjected to any prosecution, pain, penalty, forfeiture, or recovery for, because or in consequence of anything revealed or disclosed by or through the inspection so had of such books, minutes, records, documents, papers, vouchers, or writings so produced under subpoena, as herein provided." *Held,* that a deposition taken under the compulsion of section 1938, Code 1906, served the same purpose that a *duces tecum* would in forcing a corporation to produce letters in its possession and that such a corporation in such a case is entitled to the immunity guaranteed under sections 5013 and 5014 of the Code of 1906.

APPEAL from the circuit court of Lauderdale county. HON. JOHN L. BUCKLEY, Judge.

The state of Mississippi, appellee, acting through R. V. Fletcher, Esq., attorney-general, and assisted by local attorneys, filed an information against the Cumberland Telephone & Telegraph Company, appellant, praying judgment of ouster against the company. From a judgment in favor of the state the company appealed to the supreme court. The opinion states the facts.

*J. B. Harris,* for appellant.

Code 1906, § 1938, providing for the taking of testimony of a non-resident party, visits upon the party failing to answer such severe consequences that it cannot in any sense be said not to be compulsory. In the case of the plaintiff, or complainant, the suit is dismissed. If a defendant, the plea or answer is striken from the files, and judgment by default is entered. The severity of this statute was commented upon by this court in the case of *McLean* v. *Letchford,* 60 Miss. 169. In *Illinois, etc. R. R. Co.* v. *Sanford,* 75 Miss. 862, this court held the above Code section to be unconstitutional, and held further that a corporation can be compelled to answer such interrogatories where the corporation is a party to the court proceedings. In the case at bar, the interrogatories were addressed to the defendant corporation. In fact, the Code section has no application except to parties to the action. It has no application where the testimony of one not a party to the suit is sought. In fact, in the case of *Illinois, etc. R. R. Co.* v. *Sanford, supra,* Judge Whitfield, delivering the concurring opinion, said: "It is a sort of a statutory substitute for a bill of discovery in aid of the suit." So in the case at bar, the defendant was compelled to answer, under penalty of judgment of ouster by default in case of refusal or failure to answer, an extremely severe penalty.

Code 1906, § 5014, affords complete immunity to the person testifying under the circumstances mentioned.

In the case at bar, the appellant, the defendant in the lower court, was called upon under compulsion of the severe punishment of a judgment of ouster by default as provided by Code 1906, § 1938, to testify fully as to the purchase which was claimed to be violating the anti-trust act, and having been so called, claimed as it had the right the immunity which was plainly afforded by Code 1906, § 5014, above set forth. After this testi-

mony had been given, it could not be punished for the offense with reference to which testimony was given. The statute expressly and clearly provides that a person so testifying shall not thereafter be liable to indictment, or presentment by information, or to prosecution for the offense with reference to which the testimony is given, and this, though the testimony is given by the defendant in the suit. We therefore say that there can be no escape from the conclusion that after the testimony was given the court could not punish the defendant and the judgment must therefore be reversed.

It was urged in the court below in resistance of the claim of the defendant to immunity, that the statute applied to future prosecution and punishment, and was not intended to apply to the present case in which the evidence was given. This ground of objection is manifestly unsound. *Nowell* v. *State,* 58 N. H. 314; *Ex parte Cohen,* 104 Cal. 524.

The deposition of the defendant was filed in the case fully a year before the case was tried, and there was no attempt made to contradict it. During the seven years which elapsed between the purchase and the bringing of the suit, the telephone company, acting in absolute ignorance of having violated the law, brought into existence in the state of Mississippi millions of dollars worth of taxable property from which this state, during all those years has been deriving revenue. The telephone company has paid privilege taxes; it has extended its lines by acquiring extensive rights by way of purchase and by the exercise of the right of eminent domain.

These facts should entitle the defendant to immunity from punishment at this time, even if it was not clearly extended to it by the express terms of the statute by reason of it having been called to testify in the case.

*S. S. Hudson,* attorney-general, for appellee.

An examination of Code 1906, §§ 5013, 5014, and 5015, will show that the first mentioned code section uses the word "witness" and the word "himself;" and in Code 1906, § 5014, the legislature has provided that the testimony so given shall not be used in any prosecution or proceeding, civil or criminal, against the person so testifying; and that a person so testifying shall not thereafter be liable to indictment or presentment by information. The result of this is that it is absolutely impossible for this court to say that a corporation itself can testify, or that a corporation is a witness. It cannot speak on the witness stand on any question. A corporation may be bound by constituted authorities. A corporation may make contracts by constituted authorities, but a corporation in the aggregate cannot be a witness and it cannot testify. It would be an anomaly indeed to say that one could be sued for the violation of any of the provisions under the trust and combine act, if it were a corporation, and its president could appear as a defendant witness and reveal the incriminating acts of the corporation itself, and the court would be required under the law to dismiss the suit after such revelation had been made. Such a holding would be equivalent to holding that this state has no law against trusts and combines, because there never will be any method by which trusts can be detected unless employes and officers of corporations are compelled to testify with regard to the acts of the corporation, if such testimony is to entitle the corporation to immunity from prosecution. *Hale* v. *Henkel,* 201 U. S. 663; Wigmore on Evidence, par. 2268 to 2271; 3 Jones Law Evidence, par 888.

*J. B. Stirling,* on the same side.

The intent of Code 1906, §§ 1938, 5013 and 5014 is apparent, for without them the officers, agents, attorneys or employes of a corporation could shield the cor-

poration from punishment for a violation of the anti-trust laws, by claiming immunity from testifying by virtue of section 26, article 3, of the Constitution of Mississippi. It is evident that Code 1906, § 5014, does not apply to corporations because a corporation could not be compelled to testify against itself, and if the books, papers and documents of the corporation were required, subpoena *duces tecum* must be served on the president, agent or other officer of the corporation to produce such papers for examination.

To avoid the embarrassment caused by the inability of the state to determine, in many instances, upon which subpoena *duces tecum* should be served, and to avoid the plea of immunity by corporations who are required to produce its books and papers. Code 1906, §§ 5017, 5018, were adopted.

By section 5017 the state was enabled to have subpoena *duces tecum* served on the corporation itself, through its president, requiring it to produce all of its papers and books for inspection. *Consolidated Rendering Co.* v. *Vermont,* 207 U. S. 541, 52 Law Ed. 357.

The appellant corporation in the present instance was not called upon to come into court under Code 1906, § 5013, and could not have been, nor was it subpoenaed under Code 1906, § 5017, to produce its books and papers for the inspection of the court. It, therefore, was not compelled to testify. That is to say, it could not have been fined or held in contempt for refusing to testify. The distinction is clearly drawn by the supreme court of the United States in the case of *Hammond Packing Co.* v. *Arkansas,* 212 U. S. 322, and the decision of Chief Justice Whitfield, in the case of *Illinois, etc. R. R. Co.* v. *Sanford,* 76 Miss. 862, is referred to in complimentary terms as distinguishing between the right of the state legislature to raise the presumption and the want of power in the court to punish for contempt.

If the powers embraced within Code 1906, § 5013, had been exercised in the trial of a person, as the term is therein used, and jurisdiction could have been obtained over the party by serving a subpoena to testify, and that he had not come into court, or refused to testify there, he could have been fined or punished for contempt. Thus compelled to testify, he would be entitled to the immunity under Code 1906, § 5014, which was enacted, as said, in the case of *Hale* v. *Henkel*, 201 U. S. 65, 50 Law Ed. 662, for the establishment "in express words and upon a firm basis of the general principles of English and American jurisprudence, and that no one shall be compelled to give testimony which may expose him to prosecution for crime. It is not declared that he may not be compelled to testify to facts which may impair his reputation for probity, or even tend to disgrace him; but the line is drawn at testimony that may expose him to prosecution. If the testimony relate to criminal acts long since past, and against the prosecution of which the statute of limitations has run, or for which he has already received a pardon or is guaranteed immunity, the amendment does not apply.

The question as to whether a corporation can plead immunity and exemption from giving incriminating evidence, is one which may be determined by the construction of the state Constitution and statutes. Exemptions from self incrimination in the state courts is not secured by any part of the Federal Constitution. *Twinning* v. *New Jersey*, 211 U. S. 78.

Considering the Constitution of the United States and the acts of congress as being similar to the Code of 1906, §§ 5013 and 5014, upon which appellant bases its claim to immunity and discharge in this appellate court, the courts of the United States have held that the corporation is not included, and is not entitled to immunity.

In the case of *United States* v. *Armour, etc. Co.*, 142 Fed. 808, the court said, construing an act almost exactly

similar to ours, that the individuals indicted with the corporation could successfully plead the immunity guaranteed by the Constitution, and guaranteed by the act, and further on in the opinion, the court used this language: "As to the corporations, the artificial persons named as defendants, the pleas cannot avail." I regard that contention as having been met and overruled by the late case of *Hale* v. *Henkel,* 201 U. S. 65. It will be seen that the provision of our Constitution, art 3, § 26, wherein the Constitution declares: "He," the accused, "shall not be compelled to give evidence against himself," is not as broad as the fifth amendment to the Constitution of the United States, wherein it is declared: "That no person . . . shall be compelled in any criminal case to be a witness against himself."

Notwithstanding this wider scope of this declaration in the Constitution of the United States, the Supreme Court of the United States has repeatedly declared that a corporation cannot claim immunity. *Hale* v. *Heckel,* *supra.*

Argued orally by J. B. Harris, for appellant, and *S. S. Hudson,* attorney-general, for appellee.

SMITH, J., delivered the opinion of the court.

This is an appeal taken from a judgment in the court below imposing a fine upon appellant, a foreign corporation, for purchasing the plant of a competing corporation, in the city of Meridian, in violation of the anti-trust laws of the state. After the institution of the suit, appellee filed interrogatories, addressed to appellant, under the provisions of § 1938 of the Code, and requested appellant to file with its answers copies of all writings in its possession relating to the alleged purchase. These interrogatories were answered by appellant, and certain letters relating to said purchase were filed as exhibits to its answers, as requested by appellee.

Upon the trial of the cause, this deposition and the exhibits thereto were introduced in evidence by appellee. Thereupon appellant moved the court to withdraw the case from the jury and render judgment in its favor, which motion was by this court overruled. At the close of the evidence, appellant requested the court to instruct the jury to find a verdict in its favor, which instruction was by the court refused. The ground of this motion and requested instruction was that by the taking of its deposition, appellant, had been compelled to give evidence against itself relative to its alleged violation of the anti-trust laws, and consequently it could not thereafter be punished for such alleged offense.

Section 1938 of the Code, under which this deposition was taken, is as follows: "If the testimony of a party to the suit who resides out of the state be desired by the adverse party, interrogatories to him may be filed in the clerk's office, and a copy thereof, with notice of filing, shall be given the party, or his attorney or solicitor; and if he fail to answer such interrogatories within a reasonable time, his plea shall be dismissed, if he be plaintiff or complainant, and if he be defendant his plea or answer may be taken off the file and judgment by default entered, or the bill be taken as confessed." In *Railroad Co.* v. *Sanford,* 75 Miss. 862, 23 South. 355, '942, it was held that this section applies to and includes corporations. It was therefore compulsory upon appellant to answer the interrogatories, and file the exhibits requested therewith.

Sections 5013 and 5014 of the Code are as follows: "No person called as a witness in any prosecution or proceeding to enforce the anti-trust laws of this state, though himself a defendant therein, or an officer, attorney, agent or employe of a defendant or stockholder in a defendant corporation, shall be excused from testifying upon the ground that his evidence might criminate or tend to criminate himself; but every person, other-

wise competent, when called as a witness in such cases,. shall be required to testify and to disclose all facts known. to him which are pertinent to the issue.

"But the testimony so given shall not be used in any prosecution or proceeding, civil or criminal, against the person so testifying. A person so testifying shall not. thereafter be liable to indictment or presentment by information, nor to prosecution or punishment for the offense with reference to which his testimony was given,. and may plead or prove the giving of testimony accordingly in bar of such indictment, information or prosecution."

Section 1590 of the Code provides that the term "person," when used in any statute, shall apply to artificial as well as natural persons. Appellant therefore claims. that it is entitled to the immunity provided for in §§ 5013 and 5014 of the Code.    Section 26 of our state Constitution of 1890 provides: "In all criminal prosecutions the accused . . . . shall not be compelled to give evidence against himself," etc.    These sections of the Code were enacted in order that the state might obtain, in proceedings to enforce the anti-trust laws, the testimony of witnesses who would, without the immunity therein provided, be exempt under the provision of this. section of the Constitution from testifying to any matters which, in the language of the statute, "might criminate or tend to criminate," them.    This immunity is granted only to parties entitled to claim the constitutional exemption.    This constitutional exemption has no application to corporations.    4 Ency. of U. S. Supreme Court Reports, 505; *Hale* v. *Henkel*, 201 U. S. 43-74, 26 Sup. Ct. 370, 50 L. Ed. 652; *McAlister* v. *Henkel*,. 201 U. S. 90, 26 Sup. Ct. 385, 50 L. Ed. 671; *Nelson* v. *United States*, 201 U. S. 92, 26 Sup. Ct. 358, 50 L. Ed. 673.    Therefore they are not entitled to claim the immunity provided by the two sections of the Code now under consideration.    This provision of this section of

the Constitution simply guarantees to the individual his common-law right of declining to testify to anything which would criminate or tend to criminate himself, and it was never intended thereby that the state should relinquish any of its visitorial powers over corporations.

The reason for this holding cannot be better stated than in the language of Mr. Justice Brown in *Hale* v. *Henkel*, 201 U. S. 43, 26 Sup. Ct. 370, 50 L. Ed. 652, wherein he said: "Conceding that the witness was an officer of the corporation under investigation, and that he was entitled to assert the rights of the corporation with respect to the production of its books and papers, we are of the opinion that there is a clear distinction in this particular between an individual and a corporation, and that the latter has no right to refuse to submit its books and papers for an examination at the suit of the state. The individual may stand upon his constitutional right as a citizen. He is entitled to carry on his private business in his own way. His power to contract is unlimited. He owes no duty to the state or his neighbor to divulge his business, or to open his doors to an investigation, so far as it may tend to criminate him. He owes no such duty to the state, since he receives nothing therefrom, beyond the protection of his life and property. His rights are such as existed by the law of the land long antecedent to the organization of the state and can only be taken from him by due process of law, and in accordance with the Constitution. Among his rights are a refusal to incriminate himself, and the immunity of himself and his property from arrest or seizure, except under a warrant of the law. He owes nothing to the public so long as he does not trespass upon their rights. Upon the other hand, the corporation is a creature of the state. It is presumed to be incorporated for the benefit of the public. It receives certain special privileges and franchises, and holds them subject to the laws of the state and the limitations of its charter.

Its powers are limited by law. It can make no contract
not authorized by its charter. Its rights to act as a.
corporation are only preserved to it so long as it obeys
the laws of its creation. There is a reserved right in
the legislature to investigate its contracts and find out
whether it has exceeded its powers. It would be a
strange anomaly to hold that a state, having chartered
a corporation to make use of certain franchises, could
not, in the exercise of its sovereignty, inquire how these
franchises had been employed, and whether they had
been abused, and demand the production of the corpo-
rate books and papers for that purpose. . . .. While
an individual may lawfully refuse to answer incriminat-
ing questions, unless protected by an immunity statute,
it does not follow that a corporation, vested with special
privileges and franchises, may refuse to show its hand
when charged with an abuse of such privileges.''

It is true that this appellant is a foreign corporation,
and therefore is not subject to the general visitorial
powers which the state possesses over domestic corpo-
rations; but the franchises of a foreign corporation,
doing business within this state, must be exercised in
accordance with the laws thereof, and consequently the
state has the same visitorial powers over such a corpo-
ration, necessary to enable it to ascertain whether its
laws have been obeyed, as it has for such purpose over
a corporation of its own creation. *Hale* v. *Henkel, supra.*
Certain letters in the possession of appellant relating to
its alleged purpose were, however, called for in the inter-
rogatories propounded to it, and produced in answer
thereto. Sections 5017 and 5018 of the Code are as
follows:

''Any corporation may be required under a subpoena
*duces tecum* served upon its president, secretary or any
of its directors, to produce in court and submit to inspec-
tion upon the trial of any proceeding, civil or criminal,
under the anti-trust laws of this state, any books, min-

utes, records, papers, documents, vouchers or writings belonging to or· in the possession of such corporation.

"But no corporation so producing and submitting to inspection books, minutes, records, papers, documents, vouchers or writings shall thereafter be subjected to any prosecution, pain, penalty, forfeiture, or recovery for, because or in consequence of anything revealed or disclosed by or through the inspection so had of such books, minutes, records, documents, papers, vouchers, or writings so produced under subpoena, as herein provided."

The deposition of appellant, taken under the compulsion of section 1958 of the Code, served the same purpose that a subpoena *duces tecum* would have done in forcing appellant to produce the letters in its possession relating to its alleged purchase. The right to force the production of the letters under the provisions of this section was used as a substitute for such a subpoena. Consequently appellant is entitled to the immunity guaranteed in the two sections of the Code now under consideration. This immunity is not limited to parties entitled to decline to produce books, etc.; on the ground that to do so would be to furnish evidence which criminates, or tends to criminate them, but is conferred in express terms upon corporations. The immunity provided in section 5018 was not necessary, in order to enforce compliance by corporations with the provisions of section 5017; but the law is so written, and, as written, must be enforced.

The judgment of the court below is therefore reversed, and the cause dismissed. Appellant, by reason of its production of these letters called for in the interrogatories addressed to it, is exempt from punishment on account of its alleged violation of the anti-trust law, under the provision of section 5018, *supra.*    *Reversed.*