**UNITED STATES of America,
Appellee,
v.
George William BRUTON, Appellant.**

**No. 19483.**

United States Court of Appeals
Eighth Circuit.

Oct. 7, 1969.

Daniel P. Reardon, Jr., St. Louis, Mo., for appellant.

William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for appellee; Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., on the brief.

Before MATTHES, GIBSON and BRIGHT, Circuit Judges.

MATTHES, Circuit Judge.

George William Bruton has again been tried and convicted by a jury of violating 18 U.S.C. § 2114. Following the entry of judgment Bruton perfected his appeal to this court.

The instant proceedings arose out of the April 16, 1965, robbery of a contract station for the United States Post Office Department in St. Louis, Missouri. Approximately one year after the robbery one William J. Evans confessed to the crime and implicated appellant Bruton. Subsequently both were jointly tried and found guilty of violating 18 U.S.C. § 2114. Evans' confession was admitted at the first trial but the district judge instructed the jury that it could not be considered as evidence against Bruton. On appeal this court, Evans v. United States, 375 F.2d 355 (8th Cir. 1967), held that Evans' incriminating statements were tainted and infected by the poison of the prior concededly unconstitutional statements obtained by the police officers.[1] Accordingly, his conviction was reversed and remanded. He was acquitted on retrial. We affirmed Bruton's conviction on the basis of Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L. Ed.2d 278 (1957). However, the Supreme Court expressly overruled *Delli Paoli* and reversed. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), holding that, despite the trial judge's cautionary instructions, admission of Evans' confession deprived Bruton of his Sixth Amendment right of cross-examination.

For the purposes of this appeal it is unnecessary to recite the facts surrounding the robbery. The relevant circumstances are fully set forth in our prior opinion, Evans v. United States, *supra*. It is sufficient to note that at the retrial of appellant, his accomplice Evans was produced as a witness. Evans, who was then serving a sentence in a Missouri prison for commission of two state crimes, over objection of defense counsel, testified fully as to his and appellant's participation in the robbery of the contract station. At the conclusion of Evans' testimony, he was extensively cross-examined by defense counsel.

This appeal raises but a single issue: whether Evans' testimony against Bruton was unconstitutionally tainted by the illegality of Evans' earlier confessions. Appellant argues that the government used the unconstitutional confession to connect Evans and Bruton in the robbery, and absent the confession would not have called Evans as a witness against appellant. Therefore, according to appellant, Evans' testimony was the poisoned result of his earlier illegally obtained confession and should have been excluded.

---

1. We relied on Westover v. United States, 384 U.S. 436, 86 S.Ct. 1302, 16 L.Ed.2d 694 (1966).

The threshold question is whether appellant has standing to challenge Evans' testimony. This is implicit from appellant's brief in which his able counsel states, "the appellant is acutely aware of the fact that his standing to object to this [Evans'] testimony presents a difficult problem." We hold that appellant lacks standing, and affirm.

The Supreme Court recently has had occasion to consider the standing question in an analogous situation. Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). There, the government had employed electronic surveillance in violation of the Fourth Amendment to secure incriminating evidence against several defendants. One of the defendants, who neither owned nor was present on the premises subject to the surveillance, nor was a party to any of the monitored conversations, sought to have the evidence suppressed. In holding that defendant had no standing to object, the Court reaffirmed the long established principle that:

> "Suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence." 394 U.S. at 171–172, 89 S.Ct. at 965.

See also, Mancusi v. De Forte, 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968); Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Goldstein v. United States, 316 U.S. 114, 62 S.Ct. 1000, 86 L.Ed. 1312 (1942); Standard Oil Co. v. Iowa, 408 F.2d 1171 (8th Cir. 1969). The Alderman Court observed that Fourth Amendment rights are personal rights and may not be vicariously asserted.

The analogy of the above principle to the instant case is obvious. Appellant relies on the prior unconstitutional infringement of Evans' Fifth Amendment rights as reason for suppressing the allegedly poisoned testimony. It should be noted that appellant's Sixth Amendment right of cross-examination, in accordance with the Supreme Court's teachings,[2] was fully protected by the opportunity for and cross-examination of Evans. While it is true that Alderman and the cited cases all involved infringement of Fourth Amendment rights, we do not deem the distinction material. As noted in Alderman, the standing requirement is at least in part an outgrowth of the personal nature of certain constitutional rights. 394 U.S. at 174, 89 S.Ct. 961. It has long been held that the Fifth Amendment right to be free from self-incrimination is a personal right of the witness. Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951); Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906); McAlister v. Henkel, 201 U.S. 90, 26 S.Ct. 385, 50 L.Ed. 671 (1906).

Appellant cites as authority a law review article, Comment, Fruit of the Poisonous Tree—A Plea for Relevant Criteria, 115 U.Pa.L.Rev. 1136 (1967), in which the author argues that the standing requirement serves to defeat the purpose of the exclusionary rule.[3]

2. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

3. Appellant also cites Harrison v. United States, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968), in which it was held that a prior illegal confession tainted defendant's subsequent testimony, thus rendering this testimony inadmissible on retrial. However, Harrison involved a situation in which the illegal confession was used against the confessor rather than his co-defendant. Thus the standing issue was not raised. In fact, the Court expressly excepts from its consideration any discussion of the standing question. "We have no occasion in this case to canvass the complex and varied prob-

It is asserted that prevention of a co-defendant from raising the unconstitutionality of the police conduct will encourage such conduct and thus materially detract from the deterrent effect of the exclusionary rule. However, Mr. Justice White responded to this very argument in *Alderman* by stating:

"The deterrent values of preventing the incrimination of those whose rights the police have violated have been considered sufficient to justify the suppression of probative evidence even though the case against the defendant is weakened or destroyed. * * * But we are not convinced that the additional benefits of extending the exclusionary rule to other defendants would justify further encroachment upon the public interest in prosecuting those accused of crime and having them acquitted or convicted on the basis of all the evidence which exposes the truth." 394 U.S. at 174–175, 89 S.Ct. at 967.

We find additional support for our conclusion that appellant lacked standing in a case not cited by the parties, People v. Varnum, 66 Cal.2d 208, 59 Cal.Rptr. 108, 427 P.2d 772 (1967), cert. denied, 390 U.S. 529, 88 S.Ct. 1208, 20 L.Ed.2d 86 (1968). There, police secured incriminating evidence from one co-defendant in violation of his Fifth and Sixth Amendment rights. The court, speaking through Chief Justice Traynor, held that another co-defendant, who was incriminated by the illegal confession, had no *standing* to object to the evidence. The case is particularly significant, because the same court and Justice had previously held that a person aggrieved by evidence secured in violation of another's Fourth Amendment rights may object to the use of such evidence. People v. Martin, 45 Cal.2d 755, 290 P.2d 855 (1955). On the basis of the above two cases and *Alderman,* the rule announced by this court would seem to follow *a fortiori.*

In light of our holding on the standing issue we pretermit deciding whether the exclusionary rule extends to the testimony of Evans.

The judgment is affirmed.

---

lems that arise when the trial testimony of a witness other than the accused is challenged as 'the evidentiary product of the poisoned tree.' * * * " 392 U.S. at 223 n. 9, 88 S.Ct. at 2010.