**In the Matter of BLUE HEN COUNTRY NETWORK, INC.**

Superior Court of Delaware,
New Castle.

Nov. 19, 1973.

David K. Brewster, Deputy Atty. Gen., Wilmington, for petitioner.

James F. Kipp and Dennis D. Ferri of Becker & Kipp, Wilmington, for Blue Hen.

OPINION ON PETITION FOR RULE
TO SHOW CAUSE AND MOTION
TO QUASH

TAYLOR, Judge.

The Attorney General has petitioned for a rule to show cause to compel Blue Hen Country Network, Inc. and John C. Greene to comply with subpoenas issued to them by the Attorney General. Defendants have moved to quash the subpoenas duces tecum and for a protective order against the production of the documents.

Two subpoenas duces tecum were directed to defendants in identical form, one directed to the corporation Blue Hen Country Network, Inc., and the other directed to John C. Greene, President, Blue Hen Country Network, Inc. The stated subject of the subpoena duces tecum was:

> "Attorney General's continuing investigation of sales of securities within the State of Delaware to determine if materially misleading or fraudulent representations have been made in connection with offerings thereof."

The addressee was directed to appear at the office of the Attorney General at Wilmington, "and to bring with you all stock records, stock transfer records, books of account, and minutes of Directors' meetings of Blue Hen Country Network, Inc. and its subsidiaries." Defendants contend that the enforcement of the subpoenas duces tecum would violate constitution principles in a number of respects which will be discussed in this opinion.

They contend that 29 Del.C. § 2504(d), which provides for the Attorney General's subpoena power, is unconstitutional on two grounds; (1) that the statute is unconstitutionally broad, both on its face and as applied to the facts of this case; and (2) that the statute and the issuance of the

subpoenas duces tecum under the statute violate the Fourth Amendment prohibition against unreasonable searches and seizures.

The statute in question provides in part that the Attorney General shall have the power "to investigate matters involving the public peace, safety and justice, and to subpoena witnesses and evidence in connection therewith; . . ." 29 Del.C. § 2504(d).

They fail to cite any authority or to make any argument of substance in support of the position that the statute is unconstitutionally broad.

■ The purpose of 29 Del.C. § 2504(d) was "to confer upon the Attorney General, in the investigation of crime and other matters of public concern, powers similar to those inherent in grand juries."[1] In Re Hawkins, Del.Supr., 11 Terry 61, 123 A.2d 113 (1956). The statute may be treated as coextensive with the constitutional powers of the office of Attorney General. Del. Constitution, Art. 15, Sec .1; Art. 5, Sec. 8. Cf. State v. Morris, Del.Gen.Sess., 1 Hous.Cr. 124 (1860); Darling Apartment Co. v. Springer, 25 Del. 420, 22 A.2d 397 (1941).

This statutory purpose is not unique. The investigatory power of the Attorney General has traditionally been compared to that of the grand jury. The Delaware Supreme Court has stated that "it is clear that the general investigative powers of the grand jury are now shared, at least to a substantial extent, by the Attorney General". In Re Hawkins, Del.Supr., 11 Terry 61, 123 A.2d 113 (1956). In a recent case, the Delaware Supreme Court stated:

> ". . . [F]or future guidance, we express the view that the standards and guidelines of the *Branzburg* case would be generally applicable to an Attorney General subpoena in a proper case, in

---

1. The statutory purpose just described actually applies to the forerunner of § 2504(d), which was 29 Del.C. § 2505(a). The purpose of the statute, however, remains unchanged.

view of the historic equality of his subpoena power with that of a grand jury"[2] In Re McGowen, Del.Supr., 303 A.2d 645, 648 (1973).

In the *Branzburg* case, the United States Supreme Court discussed the power of the grand jury:

"Because its task is to inquire into the existence of possible criminal conduct and to return only well-founded indictments, its investigative powers are necessarily broad." Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626, 643 (1972).

While Blue Hen is correct in stating that 29 Del.C. § 2504(d) is broad, that in itself is not fatal to the statute. As stated above, the Attorney General's investigative powers, likened to those of the grand jury, are purposefully and legitimately broad. But, the subpoena powers of the Attorney General are limited by the statute. Under the statute subpoenas may only be issued in connection with an investigation of "matters involving the public peace, safety and justice." 29 Del.C. § 2504(d).

■ There are fundamental constitutional limitations upon the manner and methods by which the Attorney General may conduct his investigations. Subpoenas duces tecum, for example, may not be used to impinge upon Fourth Amendment rights. Boyd v. United States, 116 U.S. 616, 6 S. Ct. 524, 29 L.Ed. 746 (1886); United States v. Re, S.D.N.Y., 313 F.Supp. 442 (1970).

■ The Court holds that the grant of power under 29 Del.C. § 2504(d) is not of such breadth and is not so vaguely worded as to violate constitutional principles.

■ The purpose stated by the Attorney General is the enforcement of the Delaware laws and is a proper purpose under the statute.

■■ Defendants contend that the required production would violate the rights of the President, John C. Greene and officers and agents of the corporation Blue Hen in that it violates the Fifth Amendment of the United States Constitution which protects persons against self incrimination. Two observations are appropriate at the outset of this discussion. First, the privilege against self incrimination does not apply to a corporation. In Re Henry C. Eastburn & Son, Inc., Del.Supr., 147 A. 2d 921 (1959); Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 380, 50 L.Ed. 652 (1906); Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 505, 90 L.Ed. 614 (1944). Second, the subpoenas duces tecum which are attacked do not require the officer to testify.[3]

■ The immunity provided by the Fifth Amendment against self incrimination is personal to the witness. McAlister v. Henkel, 201 U.S. 90, 26 S.Ct. 385, 50 L. Ed. 671 (1906). A witness cannot assert the privilege on behalf of a corporation. ibid; Hale v. Henkel, supra.

■ The fact that the officer seeking immunity was the author of the subpoenaed corporate books and papers or was their custodian does not bar production of the corporate books and records. Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911). This rule extends to books of a dissolved corporation which have come into the possession of a former officer of the corporation, Wheeler v. United States, 226 U.S. 478, 33 S.Ct. 158, 57 L.Ed. 309 (1913); or into the possession of a stockholder. Grant v. United States, 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423 (1913). It is noted that despite the passage of over a half century since the

---

2. The case referred to is Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972).

3. Mere identification of corporate books by a corporate officer is not barred by the constitutional protection against self incrimination. United States v. Austin–Bagley Corp., 2 Cir., 31 F.2d 229 (1929).

judicial pronouncements cited herein, the principles and authorities are recognized as currently controlling. 4 Wharton's Criminal Law and Procedure 211, § 1576.

Defendants cite Clark v. State, Del.Supr., 269 A.2d 59 (1970), in support of their position. *Clark* involved a subpoena duces tecum of books and records of the attorney, Clark. The Delaware Supreme Court upheld Clark's right to prevent the books and records from being examined by the Attorney General even though they were currently in the possession of court-appointed receivers. Corporate books and records were not involved. Hence, *Clark* does not support defendants here.

■ The privilege against self incrimination is not violated by the subpoenas duces tecum of the books and records of the corporation Blue Hen.

■ Blue Hen has also maintained the position that the statute, and the action taken by the Attorney General under its provisions, constitute a violation of its Fourth Amendment rights. The Fourth Amendment guarantees that all people shall be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. . . ." And, it is settled that corporations as well as individuals are protected against unreasonable searches and seizures. In Re Henry C. Eastburn & Son, Inc., supra. It is Blue Hen's contention that compelled compliance with the subpoenas duces tecum in question would constitute an involuntary search and seizure for evidence of a crime without probable cause.

■ Blue Hen fails to point to any case that would support its position that subpoenas duces tecum must be supported with probable cause.[4] On the contrary, the cases indicate that a subpoena duces tecum violates the Fourth Amendment, and therefore may be quashed or modified by the

courts, only where the subpoena duces tecum is determined to be unreasonable. Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946); Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906).

The subpoenas duces tecum issued to Blue Hen provided:

"You are commanded to appear at the office of the Attorney General of the State of Delaware at 901 Farmers Bank Building, Wilmington, Delaware at 9:00 a. m., on May 11, 1973 before David K. Brewster, Deputy Attorney General, and to bring with you all stock records, stock transfer records, books of account, and minutes of directors' meetings of Blue Hen Country Network, Inc., and its subsidiaries."

■ In order to meet the test of reasonableness, (1) the subpoena duces tecum must specify the materials to be produced with reasonable particularity, Hale v. Henkel, supra; (2) the subpoena duces tecum must require the production only of materials that are relevant to the investigation, Oklahoma Press Publishing Co. v. Walling, supra; and (3) the materials must not cover an unreasonable amount of time, In Re Grand Jury Subpoena Duces Tecum, etc., S.D.N.Y., 203 F.Supp. 575 (1961).

■ The subpoenas duces tecum issued to Blue Hen command the production of "all stock records, stock transfer records, books of account, and minutes of directors' meetings. . . ." This specifies with reasonable particularity what materials must be produced.

With respect to the requirement of relevancy, the stated purpose of the investigation is:

"Re: The Attorney General's continuing investigation of sales and securities within the State of Delaware to determine if materially misleading or fraudu-

---

4. To the contrary, the requirement of probable cause is applicable, under the terms of the Fourth Amendment, only where a warrant has been issued.

lent representations have been made in connection with offerings thereof."

While it is clear that stock records and stock transfer records would contain information relevant to stock sales, it is not clear that books of account and minutes of directors' meetings, in general, would contain information relevant to the investigation. The Attorney General shall submit justification for the production of those records.

With respect to the reasonableness of time span covered by the records, Blue Hen was incorporated in 1971. It is not unreasonable to require the production of materials covering the two year period of its corporate existence.

It is the holding of this Court that the subpoenas duces tecum which have been issued by the Attorney General, except as stated above, do not violate the Fourth Amendment. The motion to quash is denied, except as hereinabove stated, and Blue Hen and Greene will be directed to comply with subpoenas duces tecum, as limited in this opinion.

The Attorney General shall submit an order implementing this opinion.