# SUPERIOR COURT
OF THE
# STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
302-735-2111

January 2, 2018

Laura Nastase Najemy, DAG
Department of Justice
900 North King Street
Wilmington, DE 19801

Eugene J. Maurer, Jr., Esq.
Elise K. Wolpert, Esq.
Eugene J. Maurer, Jr., P. A.
1201-A King Street
Wilmington, DE 19801

RE: *State v. Grace Liu (aka Grace Yu aka I-Yin Liu)*
    *I.D. No. 1709017188*

Submitted: December 22, 2017
Decided: January 2, 2018

Counsel:

The State charged Defendant Grace Liu (hereinafter "Dr. Liu") with one count of health care fraud for alleged fraudulent Medicaid billing, one count of non-compliance with bond conditions, and fourteen separate counts of endangering the welfare of children. The endangering the welfare charges allege that Dr. Liu, through her dental practice, dangerously permitted non-certified dental assistants to administer nitrous oxide to children under her care.

The State issued an Attorney General's subpoena to Dr. Liu and her dental practice, The Smile Place, seeking copies of "any and all medical records, whether in electronic or paper form" involving the fourteen alleged child victims. Dr. Liu challenges the appropriateness of the subpoena arguing that it unreasonably violates

her rights against unreasonable searches and seizures. Accordingly, she filed the instant motion to quash the subpoena.

After evaluating the scope of the subpoena, the Court finds it reasonable. On balance, it specifies the matters sought with reasonable particularity, and it requires production of only dental records relating to the fourteen minor patients who were allegedly administered nitrous oxide by unqualified personnel. Finally, under the circumstances of this case, the documents sought do not cover an unreasonable amount of time. Moreover, the Court also finds that the reasonableness of the subpoena is significantly bolstered by Dr. Liu's agreement pursuant to the Delaware Medical Assistance Program to produce upon request all medical records involving Medicaid billed patients. For these reasons and those that follow, Dr. Liu's motion to quash the Attorney General's subpoena is DENIED. Dr. Liu and her dental practice shall produce the requested records within a reasonable time.

**Standard for Reviewing the Enforceability of an Attorney General's Subpoena**

The Attorney General has statutory authority to seize evidence pursuant to an Attorney General's subpoena.[1] The Delaware Supreme Court has held that the Attorney General has no independent authority to enforce its subpoenas after issuance.[2] If one served with a subpoena does not voluntarily comply, the matter must be resolved either through a motion to enforce the subpoena or a motion to quash the subpoena.[3] Either will trigger court review.[4]

Because Attorney General subpoenas often implicate privacy interests, the Fourth Amendment of the United States Constitution requires that the subpoena be

---

[1] 29 Del C. §§ 2504(4) & 2508(a).
[2] *Johnson v. State*, 983 A.2d 904, 920 (Del. 2009).
[3] *Id.*
[4] *Id.*

2

"reasonable.[5]  Delaware Courts have settled on a three part test to determine if such a subpoena is reasonable.  Namely,

> [i]n order to meet the test of reasonableness, (1) the subpoena must specify the materials to be produced with reasonable particularity, (2) the subpoena must require the production only of materials relevant to the investigation, and (3) the materials must not cover an unreasonable amount of time.[6]

## Discussion

The subpoena at issue seeks "[a] complete copy of any and all medical records, whether in electronic or paper form for the following patients:"[7]  It then lists fourteen minors by name, date of birth, and Medicaid identification number.[8]  The State proffers that the fourteen listed minors are the same minors referenced by initials in the indictment.  Because the subpoena does not limit the time frame of records it seeks, the request is sufficiently broad to include all records in Dr. Liu's and her practice's possession relating to the fourteen patients at issue. As a threshold matter, although the reasonableness of its scope remains in dispute, there is no ambiguity regarding what records it seeks.

Dr. Liu moves to quash the subpoena arguing that it does not meet the reasonableness requirement.  She argues that it is overbroad, and seeks material outside what would be a reasonable length of time.   The State argues to the contrary.  The State also relies heavily on the Medicaid provider agreement, signed by Dr. Liu.  In that agreement, in exchange for her and her practice's acceptance of Medicaid payments, she as the provider

> agrees to maintain or to make available . . . such records as are necessary or deemed necessary by the [Delaware Medicaid Assistance

---

[5] *Id.* at 921.

[6] *Id.* (citing *In re Blue Hen Country Network*, 314 A.2d 197, 201 (Del. Super. Ct. 1973).

[7] States Response, Ex. 3.

[8] *Id*.

3

Program] . . . . All records shall be made available at once and without notice to authorized . . . State representatives, including but not limited to Delaware's Medical Fraud Control Unit . . . . The Provider shall retain medical, financial and other supporting records relating to each DMAP claim for not less than five (5) years after the claim is submitted.[9]

Both parties aptly argued the application of the three factors to the subpoena at issue. First, with regard to the requirement that the subpoena specifies the materials to be produced with reasonable particularity, Dr. Liu argues that the request is too broad since it goes beyond the allegations of improper administration of anesthesia. According to Dr. Liu, a request for the entire patient file is too broad. The State counters that the entire file request regarding these fourteen individuals is finite and sufficiently particular. It argues that items included within the complete files such as prior medical history, billing information, and the full records may reveal the surrounding circumstances of the allegedly improper use of nitrous oxide.

Here, the Court finds the request to be sufficiently particular to satisfy the reasonableness requirement. Identity of witnesses and persons administering the anesthesia, billing information (which is also implicated through a separate fraud charge), and medical history of patients who may have complicating medical conditions making inappropriate the use of nitrous oxide, are reasonable items to request. Request for the fourteen distinct, though complete patient files, is not unreasonable. In fact, most germane to this factor is the fact that both parties agree that the request encompasses the entire file. Accordingly, it is sufficiently particular to place Dr. Liu on notice regarding the items sought.

Secondly, for many of the same reasons, the Court finds that the matters sought are relevant to the Attorney General's investigation. The files included in the request

---

[9] State's Response, Ex. 2.

are limited to fourteen patients that were allegedly endangered by the doctor's treatment. The subpoena does not request overly broad materials such as medical records for all patients of the practice, or even for all patients receiving nitrous oxide. Rather, the request is limited to those children who allegedly received the dangerously administered nitrous oxide from unqualified personnel.

Lastly, Dr. Liu argues that the requested materials cover an unreasonable amount of time. Namely, she argues that in some cases, the requested records predate the five year statute of limitations[10], and therefore cannot be relevant. The State counters that evidence of prior anesthesia use in such records may be relevant and admissible pursuant to Delaware Rule of Evidence 404(b). Dr. Liu responds that such evidence would be inadmissible character evidence. Since character evidence is inadmissible according to Dr. Liu, it cannot be relevant.

The Court finds that requesting the complete medical records for these fourteen children, which in some cases will predate the statute of limitations, is not temporally unreasonable for two reasons. First, the fourteen patient files requested involve minors. Their dates of birth included on the subpoena establish that most are less than ten years old, and only two are approaching eighteen years of age. Furthermore, the Court is able to apply a common understanding that children often do not first attend a dental appointment near birth, but rather first visit a dentist some time thereafter. In this regard, the ages of the patients at issue self-limit the length of the treatment records requested.

Moreover, those portions of the files that span beyond the statute of limitations are properly and reasonably relevant for Delaware Rule of Evidence 404(b) purposes. The Court certainly does *not* find, absent an analysis as required by *Getz v. State*[11], that

---

[10] *11 Del C.* § 205(b)(1); *see also 11 Del C.* § 205(c) (providing a date of discovery accrual of the statute of limitations in the cases of alleged fraud).
[11] 538 A.2d 726 (Del. 1988).

evidence of any prior nitrous oxide administration, is admissible at trial. On the other hand, after such an analysis, it may very well be. Since the State as a proponent offers a reasonable basis to seek to admit such evidence, it is not unreasonable under the circumstances of this case for the State to request the entire medical files of these limited number of patients.

Lastly, stamped upon the Court's evaluation of all three reasonableness factors, is the Medicaid Services contract signed by Dr. Liu. The care for the fourteen patients at issue was paid for by Medicaid. Both the patients and the care at issue was directly within the scope of that agreement. In the agreement, Dr. Liu specifically agreed to provide to the State upon request all records in her possession "at once". While the Court appreciates Dr. Liu's argument that the agreement is contractual and should not impact the Court's analysis regarding this criminal subpoena, the nature of the agreement nevertheless has overlapping relevance to the degree of privacy expected by Dr. Liu and her practice. Moreover, it also follows that it is not unreasonable for the State to request records by subpoena that it has the right to request by contract. In this regard, the existence of Dr. Liu's contractual obligation to provide the records also stamps an indicia of reasonableness upon all three factors.

### Conclusion

For the reasons discussed, Dr. Liu's motion to quash the Attorney General's subpoena is DENIED. Dr. Liu and her practice The Smile Place, shall comply with the Attorney General's subpoena within a reasonable amount of time.

IT IS SO ORDERED

/s/Jeffrey J Clark
Judge