# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FERDELL F. HARVEY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N24M-03-028 |
| | ) | |
| TYRONE GARRETT, Director of | ) | |
| Wilmington Housing Authority, | ) | |
| SANDI ROSMINI, YVETTE | ) | |
| LOGAN, BETTY B. PINKETT, | ) | |
| and RAVEN Y. EDWARDS, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |
| | ) | |

Date Submitted: December 18, 2024
Date Decided: March 5, 2025

## MEMORANDUM OPINION

*Upon Ferdell Harvey's Appeal from the Commissioner's Order and Attorney General's Decision*: **AFFIRMED**.

Ferdell F. Harvey. *Pro se* Appellant.

Jennifer M. Kinkus, Esq., Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801. Attorney for Appellees.

**Scott, J.**

# I.     INTRODUCTION

Ferdell Harvey ("Appellant") appeals (1) the Commissioner's Order denying Appellant's Motion to Set Aside Judgment, and (2) the Attorney General's decision finding that the Wilmington Housing Authority (the "WHA") did not violate Delaware's Freedom of Information Act ("FOIA") by denying Appellant's access to requested records.[1]  For the reasons set forth below, the Commissioner's Order and Attorney General's decision are **AFFIRMED**.

# II.     BACKGROUND

In October and December 2023, Appellant filed four records requests with the WHA, seeking: (1) "financial disclosure to resident council for 2020, 2021, 2022, and 2023 by WHA,"[2] (2) Compton Towers' resident council rules and regulations regarding re-election procedures,[3] (3) Compton Towers' resident council receipts received from vending companies from 2020 to 2023,[4] and (4) the full name of Compton Towers' resident council Treasurer that served from 2020-2023, along with receipts and withdrawals from Wilmington Delaware Bank of Operations.[5]

On March 8, 2024, Appellant filed a Petition to the Court, arguing that the WHA violated FOIA by failing to respond to his records requests and asking the

---

[1] Notice of Appeal, Trans. ID 74786566 (Oct. 17, 2024) ("Appeal").
[2] Exhibits A-G, at Exhibit C, Trans. ID 72422947 (Mar. 8, 2024).
[3] *Id.* at Exhibit D.
[4] *Id.* at Exhibit E.
[5] *Id.* at Exhibit F.

Court to compel the WHA to comply.[6]  On April 5, 2024, Appellant's Motion Requesting an Order was heard by the Commissioner.[7]  The Commissioner "passed" the motion because Appellant was first required to go to the Attorney General's Office pursuant to 29 *Del*. C. § 10005.[8]  On June 6, 2024, Appellant filed a "Notice of Motion to Be Heard" on July 26, 2024.[9]

On July 11, 2024, Tyrone Garrett, Sandi Rosmini, Yvette Logan, Betty B. Pinkett, and Raven Y. Edwards (collectively "Appellees") and the WHA, through their legal counsel, wrote to Appellant and responded to his requests to the best of their ability based on the documentation and information in the WHA's possession.[10] On July 19, 2024, Appellees moved that Appellant's Petition should be dismissed with prejudice.[11]

---

[6] One MCRO, Trans. ID 72422947 (Mar. 8, 2024) ("Petition").

[7] Superior Court Proceeding Worksheet, Trans. ID 72688550 (Apr. 5, 2024).

[8] *Id*.

[9] Notice of Motion, Trans. ID 73325933 (Jun. 6, 2024).

[10] In their correspondence to Appellant, Appellees advised "that WHA is not in possession, custody or control of any documents that are properly maintained by the Compton Towers Resident Council because WHA does not control or manage any resident council.  Therefore, to the extent any of the documents [Appellant] requested are in the sole possession, custody or control of the Compton Towers Resident Council, WHA is unable to provide those documents to [Appellant]."  Exhibit B, Trans. ID 75255580 (Dec. 18, 2024).

[11] Appellees argued that Appellant's Petition should be dismissed with prejudice for the following reasons: (1) the proper party, the WHA, is not a named party to this action and FOIA claims cannot be directed to individuals; (2) "[t]o the extent the documents requested by [Appellant] exist and are in possession, custody, or control of the WHA, they have been provided to [Appellant];" and (3) at the time the Response was filed, Appellant had not yet presented his claims to the Attorney General's Office as directed by the Court and required pursuant to 29 *Del*. C. § 10005(b) and (e).  *See* Respondents' Resp. to Pet., Trans. ID 73733757 (Jul. 19, 2024).

3

On July 26, 2024, the Commissioner heard Appellant's Motion to Compel, and it was dismissed without prejudice because Appellant failed to comply with 29 *Del. C.* § 10005(b) and (e), which explain that FOIA petitions must be raised with the Attorney General's Office before appealing the issue to the Superior Court.[12]

On August 1, 2024, Appellant filed a Motion to Set Aside Judgment, claiming he "was denied procedural due process of law."[13] On August 30, 2024, the Commissioner denied Appellant's Motion to Set Aside Judgment because, once again, Appellant failed to submit his Petition to the Attorney General's Office as required pursuant to 29 *Del. C.* § 10005(b) and (e).[14]

In September 2024, Appellant submitted his Petition to the Attorney General's Office. On September 24, 2024, Deputy Attorney General ("DAG") Dorey Cole responded to Appellant's Petition, finding that the WHA did not violate FOIA by denying Appellant's access to the requested records.[15] In support of the Attorney General's Opinion, DAG Corey explained that "[t]he WHA, through its legal counsel, replied to the Petition and enclosed the affidavit of its Executive Director."[16] The WHA Executive Director attested that the WHA Resident Services Chief searched the WHA's relevant resident files for responsive records, and based

---

[12] Superior Court Proceeding Worksheet, Trans. ID 73815824 (Jul. 26, 2024).
[13] Mot. to Set Aside Judgment, Trans. ID 73881922 (Aug. 1, 2024).
[14] Order Denying Mot. to Set Aside "The Judgement," Trans. ID 74198417 (Aug. 30, 2024).
[15] Appeal, Exhibit A-9:11 ("Attorney General's Opinion").
[16] *Id. See also* Exhibit A, Trans. ID 75255580 (Dec. 18, 2024) ("Executive Director's Affidavit").

4

on that search, "the WHA provided complete responses to each of the four requests that included all the document[s] in its possession, custody, and control."[17]

> Regarding the first request for rules and regulation in reelection procedures, the WHA provided several documents, namely the "Constitution and By-laws Compton Resident Council Wilmington Housing Authority," "Election Process," "Resident Council Election Process," and "Summary of Resident Council Election Process." Regarding the second request for financial disclosures, the Executive Director states under oath that Compton Towers Resident Council did not request any funds from the WHA during this time and therefore, the WHA has no responsive records. For the third request for receipts from two vending companies, the Executive Director attests that the WHA does not receive funds from the vending machines and therefore, has no responsive records to this request. Regarding the fourth request for the name of the Council treasurer and copies of receipts and withdrawals, the Executive Director swears that the position of the treasurer was vacant during this time frame and that the WHA does not have the requested receipt and withdrawal documents, as the WHA did not disburse any funds to the Council during this time.[18]

Based on the Executive Director's Affidavit, the Attorney General's Office found "that the WHA responded to [Appellant's] requests and sufficiently supported that this production of records and denial of access to the remaining requested records was appropriate."[19]

On October 17, 2024, Appellant filed his Appeal, arguing (1) the Attorney General's Office violated his rights by not directing the WHA to release the records associated with Compton Towers' Secretary, (2) the Commissioner violated

---

[17] *Id.*
[18] *Id.*
[19] *Id.*

Appellant's rights by not ruling on his Motion for a Subpoena Duce Tecum against the Appellees, and (3) the Commissioner denied Appellant due process because Appellees did not submit a copy of the Executive Director's Affidavit to the Court and denied Appellant's Petition without allowing him to challenge the Appellee's Response.[20]

### III.   STANDARD

"Section 10005 of Title 29 of the Delaware Code provides the process to challenge alleged FOIA violations."[21]  Subsection 10005(e) states that "[a]ny citizen may petition the Attorney General to determine whether a violation of this chapter has occurred or is about to occur."[22]  "In any action brought under this section, the burden of proof shall be on the custodian of records to justify the denial of access to records, and shall be on the public body to justify a decision to . . . [fail] to comply with this chapter."[23]  "[U]nless it is clear on the face of the request that the demanded records are not subject to FOIA, to meet the burden of proof under Section 10005(c), a public body must state, under oath, the efforts taken to determine whether there are responsive records and the results of those efforts."[24]  Pursuant to 29 *Del. C.* § 10005(e), "the petitioner or the public body may appeal the matter on the record to

---

[20] *See* Appeal.
[21] *Vanella on Behalf of Delaware Call v. Duran*, 2024 WL 5201305, at *3 (Del. Super. Dec. 23, 2024).
[22] 29 *Del. C.* § 10005(e).
[23] 29 *Del. C.* § 10005(c).
[24] *Judicial Watch, Inc. v. University of Delaware*, 267 A.3d 996, 1012 (Del. 2021).

Superior Court."[25] "FOIA's requirement that the Superior Court perform an 'on the record' review prohibits the Court from considering new facts or arguments that were not presented below."[26]

## IV. DISCUSSION

### A. Secretary Records

Pursuant to the Constitution and By-Laws of Compton Resident Council (documents that Appellant received from Appellees in response to his Petition), the Secretary is charged with holding the check book, filling out check forms, keeping an accurate record of all money taken in and spent by the organization, and opening the book for inspection at the request of the audit committee at any time.[27] Appellant argues in his Appeal that those records fall under FOIA, and the Attorney General's Office violated his "due process rights by not directing Wilmington Housing Authority to release [those] records . . . ."[28]

As mentioned above, FOIA's requirement that the Court perform an "on the record" review prohibits the Court from considering new facts or arguments that were not previously presented. Because this is Appellant's first time requesting the Secretary's records, the Court will not address this argument.

---

[25] 29 *Del. C.* § 10005(e).
[26] *Vanella*, 2024 WL 5201305 at *3.
[27] *See* Appeal, Exhibit A-3.
[28] *See* Appeal.

### B. Motion for Subpoena Duce Tecum

In his Appeal, Appellant also argues that the Commissioner violated his rights by not ruling on his pending Motion for Subpoena Duces Tecum.[29] "[A] subpoena duces tecum is a command to appear at a certain time and place, on a certain date, to give testimony upon a certain matter—and, in addition, to bring and produce books, papers or things, in hand, 'tending to elucidate the matter in issue.'"[30] To be enforceable, a subpoena duce tecum must be reasonable. To meet the test of reasonableness, the subpoena duces tecum must specify the materials to be produced with reasonable particularity, require the production only of materials that are relevant to the investigation, and not cover an unreasonable amount of time.[31]

On April 23, 2024, Appellant filed a Motion for Subpoena Duces Tecum on three private entities that Compton Towers resident council does business with: Caleco Vending Company, TD Bank, and A&C Covenant LLC.[32] In support of his Motion for Subpoena Duces Tecum, Appellant claims "Compton Towers resident council has been disenfranchising seniors and disabled residence [*sic*] for the past 4 years and beyond . . . ."[33] That is the extent of Appellant's claim—he does not specify what materials need to be produced, why they are relevant to the

---

[29] *See* Appeal.
[30] *In re McGowen*, 303 A.2d 645, 647 (Del. 1973).
[31] *See In re Blue Hen Country Network, Inc.*, 314 A.2d 197, 201 (Del. Super. 1973).
[32] *See* Appeal, Exhibit A-14:18 ("Motion for Subpoena Duces Tecum").
[33] *Id.*

investigation, nor what timeframe the materials cover. Accordingly, Appellant has failed the reasonableness test set forth in *In re Blue Hen Country Network, Inc.*, and his Motion for Subpoena Duces Tecum is denied.

## C. Executive Director's Affidavit

Lastly in his Appeal, Appellant argues that Appellees did not submit any affidavits to the Court with "testimony that would certify [Appellees'] operation responsibility with WHA," and the Commissioner denied Appellant's motions without allowing Appellant to challenge Appellee's Response.[34] Requiring facts submitted under oath, such as through an affidavit, to justify the denial of records is consistent with FOIA's statutory scheme, which places the burden on the public party to establish facts on the record that justify its denial of a FOIA request.[35] From those facts, the Attorney General and the Court must determine whether the public body has met its burden.[36]

On September 9, 2024, Appellees and the WHA provided the Executive Director's Affidavit to the Attorney General's Office.[37] And on December 18, 2024, Appellees and the WHA provided the Executive Director's Affidavit to the Court pursuant to the Court's request.[38] Appellees and the WHA met their burden in

---

[34] *See* Appeal.

[35] *See Judicial Watch, Inc.*, 267 A.3d at 1010.

[36] *Id*.

[37] Letter to the Honorable Jan R. Jurden, Trans. ID 75255580 (Dec. 18, 2024).

[38] *Id*.

justifying the denial of Appellant's FOIA requests by submitting the Executive Director's Affidavit to the appropriate parties—the Attorney General's Office and the Court. The Executive Director's Affidavit affirmed that the WHA provided all relevant documents in its possession, custody, and control to Appellant to fulfill his FOIA requests to the best of its ability. Therefore, Appellant's arguments that Appellees failed to provide affidavits to the Court and that he was denied an opportunity to adequately respond to Appellee's Response are without merit.

## V.    CONCLUSION

Because Appellant did not request any records related to Compton Towers' Secretary prior to his Appeal, that argument is not ripe for the Court's review on appeal. In addition, the Court denies Appellant's Motion for Subpoena Duces Tecum because it fails the reasonableness test. Lastly, Appellant's argument that Appellees failed to produce an affidavit to the Court is without merit because the Court received and reviewed the Executive Director's Affidavit on December 18, 2024. Accordingly, the Commissioner's Order and the Attorney General's decision are **AFFIRMED**.

**IT IS SO ORDERED.**

<u>**/s/ Calvin L. Scott**</u>
Calvin L. Scott, Judge


cc: Prothonotary

10